UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 1:10CV00183 HEA |
| ) | |
| APPROXIMATELY 330 ACRES ) | |
| KNOWN AS CAMP ZOE LOCATED IN ) | |
| SHANNON COUNTY, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION TO STAY**

**I.    INTRODUCTION**

A stay is appropriate in this action, as the defendant property and the claimant, James Tebeau, are inexorably linked with a related criminal investigation. Discovery is unable to be completed because of the need to preserve the confidentiality of information relating to the criminal investigation and Fifth Amendment self-incrimination issues for the claimant. No protective order can be fashioned to avoid these pitfalls and still permit proper discovery and a trial to occur. The Government requests that a stay be granted pending the conclusion of the ongoing criminal investigation, or in the alternative, for a period of ninety (90) days.

**II.    FACTS**

1. Beginning in 2006, a multi-agency investigation developed information concerning the illegal activities occurring at Camp Zoe, owned and operated by the Claimant, James Tebeau, and other individuals.

2. Undercover Agents, Confidential Sources (CS), and other law enforcement operations have revealed the extensive use and sale of numerous drugs and controlled substances at Camp Zoe.

3. To further establish the knowledge by the operators of Camp Zoe, video surveillance was established.  These operations revealed multiple instances in which staffers, including Tebeau, were present while the illegal drug sales and use were taking place.

4. Further financial investigation has revealed that Tebeau has substantially profited from managing the Defendant parcel of real property and making it available for the unlawful use and distribution of controlled substances.

5. On November 8, 2010, the United States of America filed a Verified Complaint for Forfeiture regarding the defendant property.

6. On December 31, 2010, a claim was filed for the defendant property by James Tebeau.

### III. DISCUSSION

Stays in civil forfeiture actions are granted where there is a possible adverse effect upon a related criminal investigation or prosecution.  See 18 U.S.C. §981(g).  The movant must show: (a) an adverse effect, and (b) that the matters are related.

### A. ALLOWING THE CIVIL CASE TO CONTINUE WILL HAVE AN ADVERSE EFFECT

Courts have found an adverse effect where the discovery process could lead to the disclosure of:  confidential information; the Government's criminal trial strategy; and/or otherwise undiscoverable evidence in the criminal process.  See United States v. $247,052.54, No 05-4798, 2007 WL 2009799, at *1, (Mar. 1, 2007 N.D. Cal.).  The potential for Fifth

Amendment self-incrimination issues for indicted or possibly indicted defendants is another adverse effect courts will consider.  See United States v. $2,067,437.08, et al, No. 6:07-319, 2008 WL 238514, at *6, (E.D.Tex. Jan. 28, 2008)("Finally, continuation of the forfeiture proceeding may infringe upon Emilor's right against self-incrimination.").  The potential for such harm is present in this case.  The operative facts and relevant players in this action are identical to those in an ongoing criminal investigation.  See Id. at *2 (holding adverse effect occurs when the government has to prove the same facts in the criminal and civil matters).  Further discovery could lead to the disclosure of confidential information.  Additionally, Claimant James Tebeau would face self-incrimination problems in a deposition and at trial, when questioned about possible criminal conduct.

### 1.   CIVIL DISCOVERY WILL CAUSE AN ADVERSE EFFECT

Commencing discovery in the present case would divulge the sensitive nature of the Government's evidence.  As the attached Affidavit in Support of Motion to Stay indicates, the proof of the underlying specified unlawful activity concerns the use of confidential sources.  See Affidavit in Support of Motion to Stay (attached to this memorandum).  This confidential information is vital to the proof linking the defendant property to the alleged unlawful activity. See attached Affidavit in Support of Motion for Stay.  However, this testimony cannot be disclosed for the sake of cooperators' safety, and to preserve the government's ability to effectively investigate and prosecute any related criminal actions.  See United States v. All Funds on Deposit in Business Money Market Account No. 028-0942059-66, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) (holding stay was necessary because routine civil discovery inevitably reveals confidential informants and cooperating witnesses).

Civil discovery poses a unique problem because it is far greater in scope than criminal discovery.  See <u>United States v. Contents of Nationwide Life Insurance Annuity Account No. 0961</u>, No. 1:05-00196, 2007 WL 682530, at *1, (S.D. Ohio March 1, 2007)(ordering a stay to prevent the claimant from using the civil suit as a "backdoor method to obtain discovery outside the scope of Fed. R. Crim. P. 15.").  Depositions of multiple law enforcement agents, which would not be available in criminal discovery, would be the same agents involved in the related criminal investigation.  Having the depositions would allow the claimant to cross-examine these witnesses, which would expose the government's possible criminal trial strategy, and require the witnesses to divulge sensitive information about the investigation.  See <u>United States v. $247,052.54</u>, No 05-4798, 2007 WL 2009799, at *2, (Mar. 1, 2007 N.D. Cal.).

### 2. FIFTH AMENDMENT RIGHTS ARE HARMED BY PERMITTING THIS ACTION TO PROCEED, WHICH IS AN ADVERSE EFFECT

Both the claimant's and other individuals' Fifth Amendment interests are implicated in this civil action.  The related criminal investigation involves the operation and maintaining real property for the purpose of unlawfully manufacturing, storing, distributing, or using controlled substances, and involves multiple individuals.  The Government's proof of the alleged unlawful activity will involve these individuals', including the claimant's testimony.  This testimony will be gathered through depositions and/or at trial.  Proceeding with discovery would force the claimant and these individuals into the unfair position of having to choose between waiving their Fifth Amendment privilege and thereby revealing damaging information, or taking the privilege but with the knowledge that adverse inferences would be drawn.  <u>Volmar Distributors, Inc. v. New York Post Co.</u>, 152 F.R.D. 36, 39 -40 (S.D.N.Y. 1993).  At a minimum, James Tebeau would be forced to make a decision as to waiving his Fifth Amendment privilege, as the

Government will call him to testify as part of its case in chief. Forcing this Fifth Amendment dilemma upon Tebeau is an adverse effect, and thus a sufficient reason to warrant a stay.

### B. THE CIVIL CASE IS RELATED TO A CRIMINAL INVESTIGATION

The statute defines whether a criminal investigation is "related" to the civil forfeiture by "the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings . . . ." 18 U.S.C. § 981(g)(4). Courts have interpreted this provision broadly, finding that the criminal and civil cases do not have to be identical for the two cases to be related. See United States v. $11,139.91, No. 08-14611, 2009 WL 541068, at *1 (E.D.Mich., March 4, 2009) (holding that Government's sealed affidavit showed that the civil forfeiture shared enough facts with a criminal investigation for the two to be related). The witnesses, parties, and facts in this case are the same as those in an ongoing criminal investigation. See attached Affidavit in Support of Motion for Stay. Because the facts of this case are so similar to that of a criminal investigation, this Court should find that the two matters are "related."

### C. A STAY CAN AND SHOULD BE GRANTED WHILE THE CRIMINAL INVESTIGATION IS PENDING

As the statute explicitly states, stays are appropriate pre-indictment during the investigation of criminal conduct. The government must show to a court that there is an ongoing criminal investigation for the court to find that a stay is ripe. United States v. 3039.375 Pounds of Copper Coins, No. 1:08CV230, 2008 WL 2550624, at *1 (W.D.N.C., June 20, 2008). The court in Copper Coins relied on averments from the United States Attorney's office concerning the existence of an investigation. Id. The court granted a stay for six months based on these averments. A criminal investigation is pending in the present case. See attached Affidavit in Support of Motion for Stay. Because a criminal investigation is pending, a stay is appropriate.

### D.  A PROTECTIVE ORDER WOULD FAIL

No protective order is viable as an alternative to a stay.  The heart of the proof in this case involves depositions and trial examinations of Federal agents, James Tebeau, and confidential informants.  See United States v. All Funds Deposted in Account No. 200008524845, 162 F. Supp. 2d 1325, 1333 (D.Wyo 2001) (holding that a workable protective order must be submitted by the claimant for there to be any consideration of such relief).  Courts have been unwilling to refuse a stay even where the claimant promises not to seek discovery of sensitive information.  If the protective order is narrow, there potentially still could be disclosure of sensitive information from discovery; alternatively, if the protective order is broad, the discovery process will be too limited to allow a fair trial for either party.  See United States v. $247,052.54, No 05-4798, 2007 WL 2009799, at *2, (Mar. 1, 2007 N.D. Cal.); United States v. All Funds Deposted in Account No. 200008524845, 162 F. Supp. 2d 1325, 1331 (D.Wyo 2001).

### IV.     CONCLUSION

WHEREFORE, the United States of America, respectfully requests that Government's Motion to Stay Proceedings be granted pending the conclusion of the criminal investigation, or in the alternative, for a period of ninety (90) days.

    Respectfully submitted,

    RICHARD G. CALLAHAN
    United States Attorney

    _/s/ Julia M. Wright_
    JULIA M. WRIGHT, #4450
    Assistant United States Attorney
    111 South 10th Street, 20th Floor
    St. Louis, MO 63102
    (314) 539-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on *January 3, 2011*, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Dan Viets, Esq.
Attorney for James Tebeau

Gil Sison, Esq.
Attorney for James Tebeau

Steve Koslovsky, Esq.
Attorney for Joseph Grasso


 /s/ Julia M. Wright
JULIA M. WRIGHT, #4450